(No. 80-CC-0468– )

JAY NOEL HOWVER, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Order filed May 29, 1980.*

JAY NOEL HOWVER, *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General (JOHN R. FANONE, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

The Claimant, Jay Noel Howver, seeks a recovery based upon tort against the Respondent for damage inflicted upon his automobile by an employee of the Secretary of State.

Both the Claimant and Respondent have entered into a joint stipulation of facts as follows:

On May 11, 1979, Claimant accompanied his son to the Secretary of State Driving Facility in Schaumburg. On that date Fred Bauer, employed by Respondent as an examiner, entered into Claimant's 1973 Ford Station Wagon for the purpose of administering a driving examination to Claimant's son. At that time Fred Bauer was informed that the passenger door was sticking.

When Mr. Bauer was exiting the auto the door became stuck and he threw his full weight against the door forcibly opening it and damaging the door and fender. The auto was repaired by Claimant at a cost of $310.88.

Based upon the report of the office of the Secretary of State the above statement of facts is true. It further was stipulated that Claimant was at all times acting with due care and caution.

Both parties have waived the right to a hearing and to file briefs in this proceeding. They further agreed that no other evidence, either written or oral, would be introduced by either party.

Based upon the above stipulated facts Respondent has agreed to the entry of an award of $310.88, and Claimant further agreed that the settlement amount shall apply to all unknown and unanticipated damages arising out of this cause of action.

Lastly, Claimant, in consideration of the payment of the above stated amount, waives, releases and relinquishes any and all claims whatsoever, which are the subject of the instant complaint against the State of Illinois, Secretary of State, and any other department or agency, or any individual acting as an employee or agent of the State of Illinois or its departments or agencies.

The Court has reviewed the facts set forth in the joint stipulation and considered the legal conclusions. It appears that the stipulation is accurate, thorough, and that it has been entered into legitimately. It also appears that the facts agreed upon are legally sufficient to sustain Claimant's cause of action and the granting of an award would be fair and consistent with the findings.

While the Court is necessarily limited, in its findings of fact, to those facts presented to it by the parties, it is not bound by a stipulation between the parties as to the amount of an award to be granted, just as it is not bound by such a stipulation in its findings of law.

It is the opinion of the Court, however, that based upon the undisputed facts before it that the Respondent is liable to the Claimant.

The Court is also of the opinion that an award of

$310.88 is fair and reasonable compensation for the losses suffered by Claimant.

It is hereby ordered that the sum of $310.88 be awarded to Claimant.